Leslie Wayne JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–97–062 CR.

Court of Appeals of Texas, Beaumont.

May 28, 1998.

---

Douglas M. Barlow, Beaumont, for appellant.

Tom Maness, Rodney D. Conerly, Beaumont, for state.

## OPINION

WALKER, Justice.

A jury convicted Leslie Wayne Johnson of indecency with a child, as a lesser included offense of aggravated sexual assault of a child, and sentenced Johnson to ten years of incarceration, probated for ten years. Johnson raises five points of error.

■ Point of error one contends: "The trial court committed reversible error in allowing the State to abrogate the presumption of innocence." During voir dire, defense counsel asked the venire what their verdict would be if they rendered it right then. Several venire members stated they would have to hear evidence first. Then several members said "He's innocent," to which defense counsel replied "That's correct. The law states that a person is innocent until proven guilty." The prosecutor objected on the basis that defense counsel had made an incorrect statement of the law. The trial court sustained the objection. Defense counsel rephrased his statement to include the word "presumption," and the prosecutor stated he would not object "if he couched it in those terms. He's presumed innocent."

Johnson argues defense counsel did not argue his client was innocent "as a fact." The sustained objection, however, was precisely limited to innocence as a statement of fact rather than as a presumption. This issue was decided adversely to the appellant in *Zimmerman v. State*, 860 S.W.2d 89, 96–97 (Tex.Crim.App.1993), in which the Court of Criminal Appeals held trial court's sustaining of the prosecutor's objection herein constituted no error because the prosecutor's remark that appellant had "a presumption of innocence" was a correct statement of the law. Point of error one is overruled.

■ Point of error two contends: "The trial court erred in admitting State's Exhibit No. 3, a videotaped hearsay statement of the alleged child victim." Defense counsel did not object to the evidence on the basis it was hearsay, so any complaint regarding the hearsay nature of the statement was not preserved for appeal. TEX.R.CRIM.EVID. 103; TEX.R.APP.P. 33.1(a). On repeated prompting by the trial court, defense counsel made the following objections:

1. "He hasn't laid the proper foundation to get a video admitted,"

2. "Basically pursuant to Article 38.071 of the Texas Code of Criminal Proceedings,"

3. "[T]he proper foundation was not laid in that she did not state whether or not the tape was prepared on a recording device capable of making an accurate recording, whether or not the operator, two, was competent and, three, whether the recording was an accurate copy of the conversation that took place and, four, whether or not the recording had been altered in any manner and, five, whether or not the identity of all the voices— whether or not she could identify all the voices on the tape and she did not state when the tape was made."

4. "We would like Ms. Hanks to have an opportunity to also view the tape so that the proper foundation can be laid."

5. "[I]t's bolstering the witness' testimony."

All but the third of these objections are too general to have preserved error. *See Zim-*

*merman v. State,* 860 S.W.2d at 98. In some circumstances we might find an objection which lists all of the criteria for admission of a videotape is also too general to preserve error, but in this case the authentication objection was apparent from the context. TEX.R.APP.P. 33.1(a)(1)(A).

■ Johnson's objection incorporated most of the requisites for admission of a recording under *Edwards v. State,* 551 S.W.2d 731, 733 (Tex.Crim.App.1977), which was incorporated into Rule 901 of the Texas Rules of Criminal Evidence in effect at the time of trial. *See Kephart v. State,* 875 S.W.2d 319, 320 (Tex.Crim.App.1994); *Stapleton v. State,* 868 S.W.2d 781, 786 (Tex. Crim.App.1993). Under Rule 901, "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." TEX.R.CRIM.EVID. 901. In this case, when asked if the tape was accurate, the child replied, "Not everything," then said she did not remember it all. Under these circumstances, we find it was error for the trial court to admit the videotape into evidence.

■ Appellant makes no attempt to argue how the error affected his substantial rights. *See* TEX.R.APP.P. 44.2(b). The complainant's in-court testimony was consistent with her statements in the videotaped interview, with the exception that the child said there was penetration in the videotaped interview and denied penetration at trial. The jury acquitted Johnson of aggravated sexual assault, convicting him of indecency with a child, an offense which does not involve penetration. Defense counsel cross-examined the child at length regarding the videotape before the videotape was offered into evidence by the State, in fact, the State offered the videotape in response to that cross-examination. Nothing in the record suggests the videotape had actually been altered or tampered with. We hold the error did not affect appellant's substantial rights so it is disregarded. Point of error two is overruled.

■ Point of error three contends: "The trial court erred in admitting the testimony of Beverly Jones as to the hearsay statement of the alleged child victim as an 'outcry' statement." A statutory exception to the hearsay rule permits admission of out-of-court statements made by the victim to the first adult to whom the child made a statement about the offense. TEX.CODE CRIM. PROC.ANN. art. 38.072 (Vernon Pamph.1998). The statement must describe the offense in some discernable manner, and must be more than words which generally allude that something in the area of sexual abuse is occurring. *Garcia v. State,* 792 S.W.2d 88, 91 (Tex.Crim. App.1990).

The trial court conducted a hearing on Johnson's motion to suppress the outcry statement. Beverly Jones was the victim's foster parent. When workers for the Department of Children's Protective Services brought the child to her, they let her know the victim had been sexually assaulted. Jones later discovered the victim acting out sexually with another foster child. The victim explained she learned the behavior from the appellant and related the details of a sexual assault to Jones. Johnson argues the fact that someone from the Department of Children's Protective Services told Jones the child had been sexually assaulted necessarily implies the child made a previous outcry. We disagree. Such a conclusion or suspicion could have been reached from sources other than the child, such as a medical examination.

Johnson also argues the child made outcry to her mother, and to a policeman before she related the offense to Jones. The child testified her mother walked in on Johnson while he was committing the assault.[1] Jones testified the child related her mother knew about the sexual abuse, but the child did not testify that she told her mother the details of her encounter with Johnson. The child testified she told the police officer she had been "sexual harassed," but denied having told him the details of the offense. We hold the evidence

1. Later in the trial, the mother denied having witnessed the assault and also denied that the child ever mentioned a sexual assault to her.

supports the judge's ruling that the victim's statement to Jones qualified as an admissible outcry statement. Finding no abuse of discretion, we overrule point of error three.

Appellant combines his remaining points of error under a single argument. Point of error four contends: "Reversible error occurred when the trial court admitted an improper conclusion of CPS worker Redeaux regarding the guilt of appellant." Point of error five argues: "Reversible error occurred when the trial court admitted an improper conclusion of CPS worker Foux regarding the guilt of appellant."

Foster care case worker Tracy Redeaux testified on direct examination as follows:

Q. [By Prosecutor]: Backtracking a little bit, Ms. Redeaux, during the course of the investigation by the C.P.S., once the C.P.S. learned of this alleged sexual abuse, is it a part of that investigation to either validate or invalidate the existence of sexual abuse in a child?

A. [By Redeaux]: Yes, it is.

Q. Were those steps taken in this case?

A. Yes, they were.

Q. And did the Child Protective Services at the conclusion of its investigation validate or invalidate sexual abuse with respect to [the complainant]?

A. We validated—

[Defense Counsel]: (Interrupting) Objection, Your Honor. Calls for a legal conclusion.

THE COURT: Overruled.

Q. You can answer.

A. We validated that there was reason to believe that the sexual abuse had occurred.

■■■■ Appellant argues this testimony constituted improper conclusions as to the guilt *of the appellant,* that the witness was not competent to render such a conclusion, and that the prejudicial effect of the evidence outweighed its probative value. If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise. TEX.R.CRIM.EVID. 702. The qualifications of the CPS case worker to render an expert opinion was not subject to a trial objection; therefore we will assume she was qualified. When the jury is not qualified "to the best possible degree" to intelligently determine an issue, expert testimony is admissible to assist the jury, but it must aid rather then supplant the jury's decision. *Schutz v. State,* 957 S.W.2d 52, 59 (Tex.Crim.App. 1997). The particular matter about which Redeaux testified, the CPS intervention into this particular family, is not a matter upon which the jury is qualified "to the best possible degree." Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact. TEX.R.CRIM.EVID. 704. Redeaux testified the conclusion reached by the CPS investigation was that there was reason to believe the complainant had been sexually abused. The jury had to conclude the complainant had been sexually abused in order to find Johnson guilty, but under the Rules of Criminal Evidence in effect at the time of trial this testimony was not inadmissible merely for expressing an opinion regarding an ultimate fact. In contrast to the situation in *Schutz,* Redeaux did not express an expert opinion regarding the credibility of any of the witnesses. For that matter, she did not express an expert opinion regarding whether sexual abuse had occurred; she merely testified the Department's investigation resulted in a conclusion that there was reason to believe sexual abuse had occurred. Redeaux did not testify that in her opinion Johnson was the person who sexually abused the complainant. We find her testimony would actually assist the jury in deciding whether the alleged assault occurred. As there was no objection regarding the prejudicial effect of the testimony, we will not consider on appeal whether the probative value of this testimony was outweighed by its prejudicial effect. *See* TEX.R.CRIM.EVID. 403.

■■■■ Pauline Foux was a defense witness who testified that she worked with the complainant's family while an employee for the Department of Children's Protective Ser-

vices. On cross-examination, she was aware a medical doctor's examination of the complainant revealed the child had vaginal infections and no hymen. Foux suspected the child had been sexually abused, but did not remove her from the home at that time because the child denied sexual abuse. A later interview with the child resulted in removal of the children from the home. She testified as follows:

Q. [By Prosecutor:] Okay. And so, after you interviewed the child, what action did you take?

A. I spoke to my supervisor and gave her the information that I had, and the decision was made later that the children needed to be removed in order to protect them since we did not know where the abuse had occurred or who would be involved. It's difficult to protect the children because you also don't know who has access to the child in the homes.

Q. At the time you turned all that information over to your supervisor, had you reached a conclusion based upon your experience whether or not this child had been sexually abused?

[Defense Counsel]: Objection, Your Honor. Call for speculation.

THE COURT: Overruled.

[Defense Counsel]: It's also a leading conclusion also, Your Honor.

THE COURT: Overruled.

A. It was my opinion that sexual abuse probably had occurred to this child.

Q. And that was based on your experience and based on the investigation and the training—your experience, the training you had obtained during the course of your employment, and your investigation?

A. Yes, sir, and also the information from the doctor.

Appellant argues this testimony constituted improper conclusions as to the guilt *of the appellant*, that the witness was not competent to render such a conclusion, and that the *prejudicial effect of the evidence outweighed* its probative value. As was the case with Redeaux's testimony, Foux was in a position to assist the trier of fact in determining an issue over which the jury was not qualified to

the best possible degree, Johnson did not challenge Foux's qualification to express an expert opinion, and Foux did not express an opinion regarding whether Johnson was the perpetrator or express an expert opinion regarding the credibility of any witness. In fact, Foux testified one of the reasons they decided to remove the children from the home was they did not know who was involved in the abuse. Johnson did not object to the prejudicial nature of the testimony under Rule 403, so the trial court was never called upon to weigh the probative value of the evidence against its prejudicial effect. We hold the trial court did not err in overruling Johnson's objections to Redeaux's and Foux's testimony. Points of error four and five are overruled.

We affirm the judgment and sentence of the trial court.

AFFIRMED.