NO. 07-99-0395-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 23, 2000

______________________________

LESLIE WAYNE JOHNSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 252
ND
 CRIMINAL DISTRICT COURT OF JEFFERSON COUNTY;

NO. 66972; HONORABLE LEONARD J. GIBLIN, JUDGE

_______________________________

Before BOYD, C.J., and QUINN and REAVIS, JJ.

Upon a plea of not guilty and after a jury trial, appellant Leslie Wayne Johnson was convicted of indecency with a child and was sentenced to ten years confinement.  The sentenced was suspended and appellant was placed under community supervision.  After finding appellant had violated the conditions of community supervision, the trial court ordered revocation.
  In presenting this appeal, counsel has filed an 
Anders
 brief in support of a motion to withdraw.  Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).  
Based upon the rationale expressed herein, the motion to withdraw is granted and the judgment of the trial court is affirmed.

In support of his motion to withdraw, counsel has certified that, in compliance with Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Gainous v. State, 436 S.W.2d 137, 137-38 (Tex.Cr.App. 1969), he has diligently reviewed the record and, in his opinion, the record reflects no reversible error or grounds upon which an appeal can be predicated.  Thus, he concludes the appeal is frivolous and without merit.  In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment. 

Counsel has also shown that he sent a copy of the brief to appellant, and informed appellant that, in counsel's view, the appeal is without merit.  In addition, counsel has demonstrated that he notified appellant of his right to review the record and file a pro se brief if he desires to do so.  Appellant has filed a pro se brief. 

The State’s burden of proof in a revocation proceeding is to show by a preponderance of the evidence that the probationer has violated a condition of community supervision as alleged in the motion to revoke.  Cobb v. State, 851 S.W.2d 871, 873 (Tex.Cr.App. 1993).  Appellate review of an order revoking community supervision is limited to determining whether the trial court abused its discretion, Cardona v. State, 665 S.W.2d 492, 493 (Tex.Cr.App. 1984), and in determining whether the evidence is sufficient to support revocation, we view the evidence in the light most favorable to the trial court’s ruling.  Garrett v. State, 619 S.W.2d 172, 174 (Tex.Cr.App. 1981).  Moreover, when more than one violation is found by the trial court, the order revoking community supervision shall be affirmed if one sufficient ground for revocation supports the court’s order.  Moore v. State, 605 S.W. 2d 924, 926 (Tex.Cr.App. 1980); Jones v. State, 571 S.W.2d 191, 193 (Tex.Cr.App. 1978).   

Upon the State’s motion to revoke appellant’s community supervision, a hearing was held on August 20, 1999, at which appellant pleaded “untrue” to all allegations.  Harvey Woods, appellant’s supervision officer, testified that appellant had not reported as directed on April 23, 1998, and that appellant had tested positive for cocaine use.  The State also presented evidence from several witnesses that appellant had failed to attend sex offender counseling and had also failed to complete community supervision.  After hearing this evidence, the trial court found that appellant had in fact violated these conditions and revoked his community supervision. 
 With four distinct violations and the appropriate evidence to support them, we cannot say that the trial court abused its discretion in revoking appellant’s community supervision.  

Also, appellant’s counsel concedes that no reversible error occurred in revoking appellant’s probation.  However, by his 
pro se
 brief, appellant presents the following points of error: (1) a claim of actual innocence; (2) ineffective assistance of counsel at trial; (3) failure of attorney to perfect appeal; (4) evidence improperly submitted during trial; (5) failure of prosecution to present evidence favorable to defendant; (6) denial of cross-examination right; (7) violation of right to confrontation; and (8) unconstitutionally selected jury impaneled.  

In presenting his arguments, however, appellant has failed to present any claim which we can review.  Article 42.12 of the Texas Code of Criminal Procedure specifically limits an appellant’s appeal from a revocation proceeding to those issues associated with the revocation itself.  
See
 Tex. Code Crim. Proc. Ann. art. 42.12 § 23(b) (Vernon Supp. 2000).  With the exception of appellant’s point of error number three, each of his points of error, if raised at all, should have been raised on the appeal of his original conviction.  And appellant’s point of error number three, where he argues that his attorney failed to perfect an appeal, is erroneous because appellant’s case was argued on appeal and affirmed in Johnson v. State, 970 S.W.2d 716 (Tex.App.--Beaumont 1998).  As such, appellant has presented nothing for our review in his 
pro se
 brief.  

We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal.  See  Penson v. Ohio, 488 U.S. 75, 109 S. Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 ( Tex.Cr.App. 1991).  We have found no such grounds and agree with counsel that the appeal is without merit and is, therefore, frivolous.  Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972 ). 

Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.  

Don H. Reavis

     Justice

Do not publish.