11th Court of Appeals
Eastland, Texas
Opinion
 
J. B. Harrell, Jr.
            Appellant
Vs.                  No. 11-03-00092-CR -- Appeal from Brown County
State of Texas
            Appellee
 
            The jury convicted J. B. Harrell, Jr. of the offense of injury to a child. The trial court found
the enhancement allegation to be true and assessed appellant’s punishment at confinement for life. 
We affirm. 
Issues Presented
            Appellant presents six issues for review. In the first and second issues, he challenges the
legal and factual sufficiency of the evidence supporting his guilt. In the third issue, appellant argues
that the trial court erred in admitting evidence of appellant’s silence when confronted by an
investigator for Child Protective Services. In the fourth issue, appellant contends that the trial court
erred by allowing the CPS investigator to testify regarding her opinion that child abuse had occurred. 
In the fifth issue, appellant complains of the admission of an extraneous offense. In his final issue,
appellant contends that the prosecutor impermissibly commented on appellant’s failure to testify at
trial. 
Sufficiency of the Evidence
            In his first and second issues, appellant asserts that the evidence is legally and factually
insufficient to support his conviction because the evidence was circumstantial and allowed for the
possibility of the injury being accidental or being caused by another person. In order to determine
if the evidence is legally sufficient, we must review all of the evidence in the light most favorable
to the verdict and determine whether any rational trier of fact could have found the essential elements
of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Jackson v. State,
17 S.W.3d 664 (Tex.Cr.App.2000). In order to determine if the evidence is factually sufficient, we
must review all of the evidence in a neutral light and determine whether the evidence supporting
guilt is so weak that the verdict is clearly wrong and manifestly unjust or whether the evidence
contrary to the verdict is so strong that the beyond-a-reasonable-doubt burden of proof could not
have been met. Zuniga v. State, 144 S.W.3d 477 (Tex.Cr.App.2004); Ross v. State, 133 S.W.3d 618
(Tex.Cr.App.2004); Vasquez v. State, 67 S.W.3d 229, 236 (Tex.Cr.App.2002); Cain v. State, 958
S.W.2d 404 (Tex.Cr.App.1997); Clewis v. State, 922 S.W.2d 126 (Tex.Cr.App.1996). Contrary to
appellant’s assertion, the evidence -- even though circumstantial -- is not insufficient merely because
there were other reasonable hypotheses for the injury. Sonnier v. State, 913 S.W.2d 511, 516
(Tex.Cr.App.1995); Geesa v. State, 820 S.W.2d 154, 155-161 (Tex.Cr.App.1991), overruled in part
on other grounds by Paulson v. State, 28 S.W.3d 570, 573 (Tex.Cr.App.2000). 
            The record in this case shows that appellant was alone with the 22-month-old victim when
the injuries occurred. Appellant called 9-1-1. When the paramedics arrived, the victim was lying
in a “spread-eagle position” on her back on a mattress. The victim was breathing and had a pulse,
but was unresponsive. The victim had a fresh bruise on her left jaw. Additional red marks and
bruising appeared on the victim’s neck, chin, and forehead. During the ambulance ride, the victim’s
breathing diminished, and her condition deteriorated. Upon arrival at the emergency room, the
victim was unconscious. The victim was diagnosed with the following: a skull fracture to the back
of her head from some sort of blunt force trauma; swelling of the brain; and retinal hemorrhages that
were consistent with “shaken baby syndrome.” The victim’s doctors determined that the multiple
systemic injuries suffered by the victim were the result of child abuse, were not accidental, and were
not consistent with appellant’s story. 
            The victim’s mother, Rebecca Wheeler, was engaged to appellant. Wheeler was at work
when appellant called her and told her that he had called 9-1-1 because the victim was unconscious. 
Wheeler testified about the victim’s lengthy hospital stay and her condition. While at the hospital,
Wheeler was told that there was no hope for the victim, but the victim survived upon being taken
off of life support. At the time of trial, the victim could not walk, talk, or sit. She had had seizures
and would continue to do so for the rest of her life. The victim had undergone brain surgeries, had
had several strokes, and had no use of her left hand. She was in a wheelchair and had leg braces. 
The victim would continue to undergo therapy and receive medication every day. 
            The record shows that appellant was alone with the victim when the injuries occurred. 
Wheeler was at work. Appellant’s brother and Kimberly Lynn Kemmitz, Wheeler’s friend, had
spent the night at the apartment but had left with appellant’s mother approximately 30 minutes to
an hour prior to the arrival of the ambulance. Appellant’s mother drove over to the apartment to pick
up appellant’s brother and Kemmitz. Appellant took the victim out to the car to visit with his
mother. The victim talked to appellant’s mother. Appellant and the victim went back into the
apartment, and the others left. Both Kemmitz and appellant’s brother testified that the victim was
fine when they left. 
            Appellant told various people that he heard a loud thump in the kitchen, that he found the
victim lying in the floor, and that he picked her up off the floor and took her into the living room. 
He was unable to wake her and called 9-1-1. Appellant told Wheeler a slightly different story. He
told her that the victim was in the kitchen and must have fallen because she came out of the kitchen
rubbing her head, then grabbed her cup, and went to lie down on the mattress. The paramedic found
nothing in the kitchen to support appellant’s story. 
            After reviewing all of the evidence using the appropriate standards, we hold that the evidence
is both legally and factually sufficient to support the jury’s verdict. Appellant’s first and second
issues are overruled. 
Admission of Evidence
            In his next three issues, appellant complains of errors related to the admission of evidence. 
A trial court has broad discretion in ruling on the admissibility of evidence. Salazar v. State, 38
S.W.3d 141, 151 (Tex.Cr.App.), cert. den’d, 534 U.S. 855 (2001); Weatherred v. State, 15 S.W.3d
540, 542 (Tex.Cr.App.2000); Prystash v. State, 3 S.W.3d 522, 527 (Tex.Cr.App.1999), cert. den’d,
529 U.S. 1102 (2000). As such, we will not disturb the trial court’s ruling as long as it was within
the zone of reasonable disagreement. Salazar v. State, supra; Weatherred v. State, supra;
Montgomery v. State, 810 S.W.2d 372, 391 (Tex.Cr.App.1991). 
            Appellant asserts in his third issue that evidence regarding his silence when confronted by
a CPS investigator constituted an impermissible comment on his constitutional right to remain silent. 
We disagree. The evidence did not show that appellant invoked his right to remain silent. The CPS
investigator, Sharon Owens, testified that she talked to appellant on the phone and tried to set up an
appointment with appellant to discuss the allegations in this case. Appellant inquired as to whether
he had been charged in this case and then made various excuses for not coming in to meet with
Owens. According to Owens, appellant seemed very agitated, frustrated, or nervous. Any statement
made by appellant to Owens was admissible. See Cantu v. State, 817 S.W.2d 74 (Tex.Cr.App.1991);
Wicker v. State, 740 S.W.2d 779 (Tex.Cr.App.1987), cert. den’d, 485 U.S. 938 (1988). Furthermore,
appellant was not in custody or under arrest at the time of his conversation or lack thereof with
Owens. Prearrest silence is a constitutionally permissible area of inquiry. Waldo v. State, 746
S.W.2d 750, 755 (Tex.Cr.App.1988); Rosas v. State, 76 S.W.3d 771, 776 (Tex.App. - Houston [1st
Dist.] 2002, no pet’n). The third issue is overruled. 
            In his fourth issue, appellant argues that the trial court erred in permitting Owens to express
her opinion that child abuse had occurred in this case. The record shows that Owen was allowed to
testify over objection that her “finding in this case was reason to believe for child abuse.” The trial
court did not abuse its discretion in allowing such testimony. See TEX.R.EVID. 701-704; Ex parte
Nailor, 149 S.W.3d 125, 134-35 (Tex.Cr.App.2004); Johnson v. State, 970 S.W.2d 716, 720-21
(Tex.App. - Beaumont 1998, no pet’n). Appellant’s fourth issue is overruled. 
            In his fifth issue, appellant contends that the trial court erred in permitting the State to
introduce evidence that appellant had previously committed an extraneous offense against another
young child. The record shows that the State offered evidence showing that appellant had been left
alone with the young children of Lisa Parks, a previous girlfriend of appellant. When Parks returned,
her daughters were in bed crying. The next morning, Parks noticed marks that “looked like
handprints, bruised handprints” on both sides of her two-year-old daughter’s face. The child’s doctor
agreed that the marks and bruising were consistent with slapping and appeared to be the result of
child abuse. However, the investigating officer thought that the marks could possibly have been a
rash or scratches. 
            To be admissible, evidence must be relevant. TEX.R.EVID. 401 & 402. Evidence of other
crimes, wrongs, or bad acts is not admissible to show character conformity but may be admissible
for other purposes, such as establishing an elemental fact, establishing an evidentiary fact that leads
to an elemental fact, or rebutting a defensive theory. TEX.R.EVID. 404(b); Montgomery v. State,
supra at 387-88. Further, although relevant and admissible under Rule 404(b), evidence may still
be inadmissible under TEX.R.EVID. 403. When performing a Rule 403 balancing test, a trial court
must determine if the probative value of the evidence is substantially outweighed by the danger of
unfair prejudice. Montgomery v. State, supra at 389. In making this determination, the trial court
should consider the following: (1) whether the ultimate issue was seriously contested by the
opponent of the evidence; (2) whether the State had other convincing evidence to establish the
ultimate issue to which the disputed evidence was relevant; (3) the compelling nature, or lack
thereof, of the evidence; and (4) the likelihood that the evidence was of such a nature as to impair
the efficacy of a limiting instruction. Taylor v. State, 920 S.W.2d 319, 322 (Tex.Cr.App.), cert.
den’d, 519 U.S. 951 (1996); Montgomery v. State, supra at 392-93. The trial court should also
consider how much time the State will need to develop the extraneous offense evidence and the
potential for the evidence to affect the jury in some irrational way. Mozon v. State, 991 S.W.2d 841,
847 (Tex.Cr.App.1999). We will reverse the trial court’s decision only upon a showing of a clear
abuse of discretion. Wyatt v. State, 23 S.W.3d 18, 26 (Tex.Cr.App.2000); Ransom v. State, 920
S.W.2d 288, 299 (Tex.Cr.App.), cert. den’d, 519 U.S. 1030 (1996); Montgomery v. State, supra at
390. An abuse of discretion is shown if the ruling was outside the zone of reasonable disagreement. 
Montgomery v. State, supra at 391. 
            In this case, appellant contested his guilt, claiming that he did not injure the child but that she
fell. The evidence that appellant caused the injuries to the victim in this case was circumstantial. 
Evidence of the extraneous offense did not take much time before the jury. Though the evidence was
not highly compelling, it may have been helpful to the jury to rebut appellant’s defensive theory and
show that he injured the victim. Furthermore, evidence of the extraneous offense was not of such
a nature as to impair the efficacy of a limiting instruction. The evidence showed that the child
involved in the extraneous offense was not seriously injured but, at most, had bruises on her face
from appellant’s hands. We cannot hold that the trial court abused its discretion in admitting
evidence of the extraneous offense. Appellant’s fifth issue is overruled. 
Comment on Failure to Testify
            In his final issue, appellant argues that the State improperly commented upon appellant’s
failure to testify at trial. The record shows that, during closing argument, the prosecutor was
explaining the State’s burden of proof when appellant objected that the prosecutor was misstating
that burden because the State “must disprove” a hypothesis proposed by the defense. The prosecutor
resumed his argument by referring the jury to the jury charge and then stating: 
But if the Defense should advance a theory, you should treat his theories just like
anything else when considering whether or not it is true. Look at the evidence that
is on the record to support what he says. See if there is evidence to support what he
says. 
At that point, defense counsel objected that the prosecutor was making an improper comment on
appellant’s right to not testify. The prosecutor explained that he was not attempting to comment on
appellant’s failure to testify. The trial court then told the prosecutor to confine his argument to the
record and gave a thorough instruction to the jury to disregard any allusion to appellant’s failure to
testify. Appellant made no further objection and did not request a mistrial. Consequently, he did
not preserve the issue for review. TEX.R.APP.P. 33.1; Cockrell v. State, 933 S.W.2d 73, 89
(Tex.Cr.App.1996), cert. den’d, 520 U.S. 1173 (1997). Moreover, the prosecutor did not improperly
comment upon appellant’s failure to testify but, rather, instructed the jury to consider whether any
evidence supported appellant’s version of the incident as told by appellant to various witnesses who
relayed that information to the jury. Appellant’s sixth issue is overruled. 
This Court’s Ruling
            The judgment of the trial court is affirmed. 
 
                                                                                                TERRY McCALL
June 16, 2005                                                                         JUSTICE
Do not publish. See TEX.R.APP.P. 47.2(b). 
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.