Affirmed and Memorandum Opinion filed January 21, 2010.




In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-08-00864-CR

___________________

 

RaphaEl Michael Verdun, Appellant

 

V.

 

The State of Texas, Appellee



 



 

On
Appeal from the 263rd District Court

Harris County,
Texas



Trial Court Cause No. 1105999

 



 

 

MEMORANDUM OPINION

Appellant Raphael Michael Verdun
challenges his conviction for aggravated sexual assault of a child, claiming
that he received ineffective assistance of counsel.  We affirm.

I.  Factual and Procedural
Background

            Appellant was
charged by indictment with the felony offense of aggravated sexual assault of a
child under the age of fourteen, to which he pleaded “not guilty.”  At a trial
on the merits, the complainant, a thirteen-year-old girl, testified about meeting
appellant through an adult telephone chat line in August 2005.  According to
the complainant, she told appellant that she was sixteen years old and instructed
appellant not to call her home, fearing that her parents would answer.  Over
the course of several weeks, appellant met the complainant at her home while
her parents were working.  Appellant would drive with the complainant to a nearby
dead-end street, where, on several occasions, appellant kissed the complainant,
touched her breasts, and digitally penetrated her sexual organ.  The
complainant testified that, on another occasion, appellant had sexual
intercourse with her in his vehicle.  When the complainant’s parents learned of
her activities with appellant, they notified authorities.  

Responding officers created a report based on the information
the complainant gave them.  Sergeant Brenda Inocencio, an investigator with the
Harris County Sherriff’s Department, interviewed the complainant.  According to
Sergeant Inocencio’s testimony at trial, she took the complainant’s written
statement of the events in September 2005.

            In January 2006, appellant
gave the complainant a ride to her middle school.  A neighbor saw the
complainant enter appellant’s vehicle, jotted down the license plate, and contacted
the complainant’s parents, who notified authorities.  Responding officers
created another report with the complainant’s oral statements.  Sergeant Inocencio
again interviewed the complainant following this incident and took the
complainant’s written statement.  

            The jury found
appellant guilty as charged.  Appellant was sentenced to seven years’
confinement, probated for ten years, and assessed a fine.

II.  Issues And Analysis

In two issues, appellant claims he was denied
effective assistance of counsel under the United States and Texas Constitutions
because his trial counsel failed to object to the testimony of Sergeant Inocencio. 
According to appellant, in her testimony Sergant Inocencio improperly vouched
for the complainant’s credibility, noting that without any objection by his
trial counsel, Sergeant Inocencio testified that the complainant gave consistent
statements in the following exchange:

[PROSECUTOR]: 
Have you reviewed each of the—each of [the complainant’s] statements prior to
your testimony today?

[WITNESS]: 
I have.

[PROSECUTOR]: 
And to recap, she—she made two separate statements orally to deputies with the
Sherriff’s office; correct?

[WITNESS]: 
Correct.

[PROSECUTOR]: 
Okay.  And how many statements did she make to you?

[WITNESS]: 
Two.

[PROSECUTOR]: 
Okay.  And, obviously, that makes four in all to the Sheriff’s office?

[WITNESS]: 
Correct.

[PROSECUTOR]: 
And have you reviewed all those statements prior to your testimony today?

[WITNESS]: 
I have.

[PROSECUTOR]: 
Okay.  Do you believe—without going into the substance of those statements, do
you believe that they are consistent with each other?

[WITNESS]: 
They are.

[PROSECUTOR]: 
Why is it that you got a second statement from [the complainant] in January of
’06?

[WITNESS]: 
A second report, when it was made this—on the second time she was actually seen
with the alleged suspect and, ‘em, she was forthcoming with a little bit more
information, as she was very hesitant to give in the first one.

[PROSECUTOR]: 
Okay.  She was more forthcoming?

[WITNESS]: 
Not forthcoming, she just provided me, asking her more information, she just
gave more information that she had continued to see him and had been seeing him
from the time the first report was taken until the second report.

[PROSECUTOR]: 
Okay.  But you said those statements were consistent with much [sic] other?

[WITNESS]: 
Yes.

[PROSECUTOR]: 
Okay.  Why do you say they are consistent with much [sic] other but she gave
more information later?

[WITNESS]: 
She was in—the information, more information she gave later.  Meaning she said
that she continued to see him, she continued to call him, she—he would pick her
up.  Consistencies were the way he picked her up, the vehicle and stuff like
that.

[PROSECUTOR]: 
While there was more information in that subsequent statement when she was more
forthcoming, did you find any conflicts between that subsequent statement and
her first statement?

[WITNESS]: 
No.

[PROSECUTOR]: 
Okay.  Or any statement that she provided the Sherriff’s office?

[WITNESS]:  No.

            On
cross-examination, appellant sought to elicit testimony from Sergeant Inocencio
about an alleged inconsistency in the complainant’s statements to authorities
as to whether appellant attempted to penetrate the complainant’s sexual organ
or actually achieved penetration by “entering and going up and down.”  Appellant
also complains of Sergeant Inocencio’s testimony on the State’s redirect
examination, pointing to the following exchange:

[PROSECUTOR]: 
Okay.  And the oral statements that [appellant’s trial counsel] was
cross-examining you on that [the complainant] gave to the officers at the
scene, were you there when those statements were made?

[WITNESS]: 
No.

[PROSECUTOR]: 
Did you take down [the complainant’s] statements when they came out of her
mouth?

[WITNESS]: 
At—the original, at the offense report time, no, I did not.

[PROSECUTOR]: 
You weren’t at the scene?

[WITNESS]: 
No.

[PROSECUTOR]: 
You didn’t witness what she said?

[WITNESS]: 
No.

[PROSECUTOR]: 
You don’t know about what came out of her mouth is accurately reflected in the
documentation by the deputy, do you?

[WITNESS]: 
No.

…

[PROSECUTOR]: 
But you have reviewed these statements and you have an opinion about whether or
not they’re consistent?

[WITNESS]: 
I do.

[PROSECUTOR]: 
Okay.  And are they?

[WITNESS]: 
Yes.

[PROSECUTOR]:
Okay. Do you believe—well, as a sex crimes investigator, what do you believe is
the best insight into the complainant’s story?

[DEFENSE
WITNESS]:  Objection, Your Honor. That calls for speculation.

[TRIAL
COURT]:  I haven’t heard the rest of the question yet.  Please.

[PROSECUTOR]: 
What do you believe is the best insight into the complainant’s story, a written
statement that she gives you to—in person or an oral statement that she gives
at the scene?

[WITNESS]: 
It’s, ‘em, always use the statements that they give me at the —just the one-on-one
statement—.

[PROSECUTOR]: 
Okay.

[WITNESS]: 
—written statement.

[PROSECUTOR]: 
Okay.  Why is that?

[WITNESS]:  Their surroundings turn, could be in a
public, we’re usually in front of their parents, another officer, and it’s just—it’s
just easier to talk in a closed environment just one-on-one.

Both the United States and Texas Constitutions
guarantee an accused the right to assistance of counsel. U.S. Const. amend. VI; Tex. Const. art. I, ' 10; Tex. Code Crim. Proc. Ann. art. 1.051
(Vernon 2005).  This right necessarily includes the right to reasonably
effective assistance of counsel.  Strickland v. Washington, 466 U.S.
668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); Ex parte Gonzales,
945 S.W.2d 830, 835 (Tex. Crim. App. 1997).  To prove ineffective assistance of
counsel, appellant must show that (1) trial counsel’s representation fell below
an objective standard of reasonableness, based on prevailing professional
norms; and (2) there is a reasonable probability that the result of the
proceeding would have been different but for trial counsel=s deficient performance.  Strickland,
466 U.S. at 688–92.  Moreover, appellant bears the burden of proving his claims
by a preponderance of the evidence.  Jackson v. State, 973 S.W.2d 954,
956 (Tex. Crim. App. 1998).  

In assessing appellant’s claims, we apply a strong
presumption that trial counsel was competent.  Thompson v. State, 9
S.W.3d 808, 813 (Tex. Crim. App. 1999).  We presume counsel=s actions and decisions
were reasonably professional and were motivated by sound trial strategy.  See
Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).  When, as
in this case, there is no proper evidentiary record developed at a hearing on a
motion for new trial, it is extremely difficult to show that trial counsel=s performance was
deficient.  See Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App.
2002).  If there is no hearing, or if counsel does not appear at the hearing,
an affidavit from trial counsel becomes almost vital to the success of an
ineffective-assistance claim.  Stults v. State, 23 S.W.3d 198, 208B09 (Tex. App.CHouston [14th Dist.] 2000,
pet. ref=d).  The
Court of Criminal Appeals has stated that it should be a rare case in which an
appellate court finds ineffective assistance on a record that is silent as to
counsel=s trial
strategy.  See Andrews v. State, 159 S.W.3d 98, 103 (Tex. Crim. App.
2005).  On such a silent record, this court can find ineffective assistance of
counsel only if the challenged conduct was “‘so outrageous that no competent
attorney would have engaged in it.’”  Goodspeed v. State, 187 S.W.3d
390, 392 (Tex. Crim. App. 2005) (quoting Garcia v. State, 57 S.W.3d 436, 440
(Tex. Crim. App. 2001)).  There was no hearing on appellant’s motion for new
trial in this case.

Under Texas Rule of Evidence 702, entitled “Testimony
by Experts,” if a witness possesses scientific, technical, or other specialized
knowledge that will assist a fact finder, and if the witness is qualified as an
expert by knowledge, skill, experience, training, or education, then that
expert may testify with an opinion.[1]
 Tex. R. Evid. 702; Schutz v.
State, 957 S.W.2d 52, 59 (Tex. Crim. App. 1997).  An expert’s testimony is
admissible when a jury is not qualified “to the best possible degree” to
intelligently determine an issue without the testimony.  See Schutz, 957
S.W.2d at 59.  As such, expert testimony is intended to aid, rather than
supplant, a jury’s decision.  Id.  However, Rule 702 does not permit an
expert to give an opinion that a complainant or a class of persons to which the
complainant belongs is truthful.  Yount v. State, 872 S.W.2d 706, 708
(Tex. Crim. App. 1993).  Therefore, expert testimony that offers a direct
opinion on the truthfulness of a child complainant’s allegations is not
admissible under Rule 702.  Id.  

For appellant to succeed on his claims of ineffective
assistance of counsel, he must demonstrate that if his trial counsel had
objected, the trial court would have erred in overruling the objection.  See
Vaughn v. State, 931 S.W.2d 564, 566 (Tex. Crim. App. 1996).  Although
appellant characterizes Sergeant Inocencio’s testimony as vouching for the
complainant’s credibility, in her testimony Sergeant Inocencio offered no
opinion as to the truthfulness of the complainant’s allegations, nor did
Sergeant Inocencio express an opinion as to whether appellant committed the
conduct alleged.  See Cohn v. State, 849 S.W.2d 817, 818 (Tex. Crim.
App. 1993); Johnson v. State, 970 S.W.2d 716, 720 (Tex. App.—Beaumont
1998, no pet.) (addressing argument that expert testimony about conclusions of
investigation offered improper conclusion as to the guilt of appellant).  Sergeant
Inocencio did not recount the substance of the complainant’s four statements
taken as part of the investigation.  See Head v. State, 4 S.W.3d 258,
262 (Tex. Crim. App. 1999) (involving hearsay complaint that an officer’s
testimony that other witnesses’ statements were consistent with the
complainant’s account).  In her testimony Sergeant Inocencio did not draw any
conclusions regarding the substance of the complainant’s statements, and none
of those statements were entered into evidence.  See id.  Rather, this
testimony revealed only that the complainant recounted the same facts to the
investigator about what occurred; the witness did not reveal the substance or
the details of what the facts were.  See id.  This testimony did not contain
a direct opinion on the complainant’s truthfulness or credibility.  See Yount,
872 S.W.2d at 708 (prohibiting an expert’s direct opinion on the truthfulness
of a child complainant’s allegations). 

Moreover, this testimony could assist a trier of fact
in determining an issue for which the jury was not qualified to the “best
possible degree” in deciding whether the alleged events occurred.  See
Johnson, 970 S.W.2d at 720.  Although an expert witness may not directly
comment on a complainant’s truthfulness, an expert witness may testify to
aspects of a complainant’s demeanor that may suggest the complainant was
subject to manipulation.  See Schutz, 957 S.W.2d at 69; Burns v.
State, 122 S.W.3d 434, 437 (Tex. App.—Houston [1st Dist.] 2003, pet. ref’d)
(concluding expert testimony as to psychological test results, suggesting that
a child complainant answered questions in an open, nondefensive, and truthful
manner, did not constitute an impermissible comment on the child’s
truthfulness); see also Darling v. State, 262 S.W.3d 920, 924 (Tex.
App.—Texarkana 2008, pet. ref’d) (providing that an expert’s opinion that a
child does not exhibit signs of having been coached or manipulated to make a
false accusation does not amount to a comment on a child’s truthfulness).  Expert
testimony may provide useful background information to aid a jury in evaluating
the testimony of another witness—for example by explaining that children who
have been sexually abused sometimes offer conflicting accounts—as a way of
assisting a factfinder in determining the impeachment value of a complainant’s
prior statements.  See Pavlacka v. State, 892 S.W.2d 897, 903 n.6 (Tex.
Crim. App. 1994).  In this case, Sergeant Inocencio’s testimony indicated only
that the complainant consistently offered the same account of appellant’s
conduct, but in this testimony the witness did not attempt to suggest that the
complainant was truthful or that the charges against appellant were true.  See
Burns, 122 S.W.3d at 437.  The primary purpose of Sergeant Inocencio’s
testimony was to provide useful background information regarding her
investigation of the case for the jury to consider, and this testimony did not supplant
a factfinder’s ability to determine witnesses’ credibility.  See id.; see
also Pavlacka, 892 S.W.2d at 903 n.6 (providing that expert testimony may
aid a fact finder by providing information that child complainants sometimes
offer conflicting accounts of sexual abuse).

Sergeant Inocencio did not offer a direct comment on
the complainant’s truthfulness or credibility; therefore, the testimony was not
inadmissible for this reason.[2] 
See Yount, 872 S.W.2d at 708 (prohibiting an expert’s direct opinion on
the truthfulness of a child complainant’s allegations).  Trial counsel’s
failure to object to admissible evidence does not constitute ineffective
assistance of counsel.  See McFarland v. State, 845 S.W.2d 824, 846
(Tex. Crim. App. 1992), overruled on other grounds by Bingham v. State,
915 S.W.2d 9 (Tex. Crim. App. 1994).  Furthermore, although the record
is silent as to trial counsel’s strategy, it is plausible that trial counsel
chose not to object because she sought to impeach the witness on
cross-examination with an alleged inconsistency regarding penetration in the
complainant’s statements to authorities.  See Alexander v. State, 282
S.W.3d 701, 709–10 (Tex. App.—Houston [14th Dist.] 2009, pet. ref’d) (providing
that reasonable trial strategy for not objecting to evidence includes a
decision to impeach a witness on cross-examination).  On this basis, appellant has
not shown by a preponderance of the evidence that his trial counsel provided
ineffective assistance.  See Strickland, 466 U.S. at 688–92.  The
record does not support a conclusion that both prongs of the Strickland
test for ineffective assistance of counsel have been satisfied.  Therefore,
we overrule appellant’s first and second issues on appeal.

Having overruled
appellant’s two issues on appeal, we affirm the trial court’s judgment.

 

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

 

Panel
consists of Justices Anderson, Frost, and Boyce.

Do Not Publish —
Tex. R. App. P. 47.2(b).









[1] Appellant did not object
to Sergeant Inocencio’s qualifications as an expert; therefore, we presume,
without deciding, that this witness was qualified as an expert.  See Johnson
v. State, 970 S.W.2d 716, 720 (Tex. App.—Beaumont 1998, no pet.).





[2] On this basis,
appellant’s reliance on the following cases is misplaced:  Fuller v. State,
224 S.W.3d 823, 833–34 (Tex. App.—Texarkana
2007, no pet.) (involving witnesses’ direct testimony that a child complainant
is a credible and truthful person or that the witness believed the child’s
allegations); Sessums v. State, 129 S.W.3d 242, 247–48 (Tex. App.—Texarkana 2004, pet. ref’d) (involving
witnesses who testified to specific factors or methods they used to asses a
child’s truthfulness and then directly expressed an opinion as to whether the
child complainant in that case was truthful by meeting those factors); Miller
v. State, 757 S.W.2d 880, 883 (Tex. App.—Dallas 1988, pet. ref’d)
(involving witnesses’ direct testimony that they believed a child was telling
the truth); Garcia v. State, 712 S.W.2d 249, 252  (Tex. App.—El Paso
1986, pet.ref’d) (involving testimony that a mother would not manipulate a
child to lie about sexual abuse).  Likewise, the testimony did not address even
the complainant’s general capacity of disposition to tell the truth.  See Tex. R. Evid. 608(a) (involving
admissibility of opinion and reputation evidence of a person’s character for
truthfulness or untruthfulness); Schutz, 957 S.W.2d at 69–70 (allowing evidence under Texas Rule of
Evidence 608(a) in response to a party’s attack on a person’s general capacity
for truthfulness).