Affirmed and Memorandum Opinion
filed April 28, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00095-CR



Devin DeWayne
Johnson, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 184th District Court

Harris County, Texas

Trial Court
Cause No. 1244099



 

MEMORANDUM OPINION 

            Appellant
Devin Dewayne Johnson challenges his conviction for aggravated sexual assault
of a child, claiming in a single issue that the trial court reversibly erred in
admitting the trial testimony of an expert witness.  We affirm. 

Factual and Procedural Background

Appellant pleaded “not guilty” to a charge of aggravated
sexual assault of a child, enhanced by a previous offense.  At trial, the State
indicated its intention to call Dr. Lawrence Thompson to testify as an expert
witness.  Appellant objected, asserting Dr. Thompson’s testimony was
inadmissible under Texas Rule of Evidence 702.  According to appellant, the
testimony served to bolster the credibility of the complainant.  

The trial court held a hearing outside of the
presence of the jury to determine the admissibility of the testimony.  At the
hearing, Dr. Thompson testified about his background and experience as a
psychologist.  As relevant to this case, Dr. Thompson testified that, in his
experience, children who have been sexually abused generally have interpersonal
problems and, in some cases, a child may be less truthful.  He testified,
however, that a child rarely makes a false allegation of sexual abuse.  The
trial judge admonished Dr. Thompson not to testify at trial (1) as to whether
the child complainant in the case was lying about the specific allegations of
sexual abuse or (2) that children rarely lie about being sexually abused.  The
trial court stated that such testimony would be highly prejudicial and not
probative.  Dr. Thompson also testified that children who have been sexually
abused act differently after being sexually abused and that some children have
a tendency to lie about bad behaviors, misbehave or “act out,” and perform
poorly in school.  The trial court ruled that Dr. Thompson could testify about
the typical behaviors exhibited by children who have been sexually abused. 

In the jury’s presence, Dr. Thompson testified that children
who have been sexually abused commonly act out or exhibit problematic behaviors. 
According to Dr. Thompson, children who have been sexually abused may perform
poorly in school, steal, or fail to follow directions.  Dr. Thompson testified
that sexually abused children may lie about bad behaviors as a way of
deflecting attention or to present themselves in the best possible light.  Dr.
Thompson did not testify as to the truthfulness of children who claim to have
been sexually abused, nor did Dr. Thompson express an opinion as to the
truthfulness of the child complainant in this case. 

The jury found appellant guilty as charged and also
found the enhancement paragraph true.  The jury assessed appellant’s punishment
at confinement for life. 

Issue Presented

In a single appellate issue, appellant asserts the
trial court erred in concluding that Dr. Thompson’s testimony was admissible
under Rule 702.  According to appellant, the State’s sole purpose for eliciting
Dr. Thompson’s testimony was to persuade the jury that the child complainant
was credible and telling the truth about the allegations of sexual abuse.[1]  At trial,
appellant characterized Dr. Thompson’s testimony as improperly bolstering the
child complainant’s allegations.

Analysis

We review the trial court’s decision to admit or exclude
expert testimony under an abuse-of-discretion standard.  Gallo v. State,
239 S.W.3d 757, 765 (Tex. Crim. App. 2007).  If a trial court’s
evidentiary ruling is reasonably supported by the record and is correct under
any theory of law, then the ruling is within the zone of reasonable
disagreement and should be upheld.  Montgomery v. State, 810 S.W.2d 372,
391 (Tex. Crim. App. 1990) (op. on reh’g.).  

Texas Rule of Evidence 702,
entitled “Testimony by Experts,” provides:

If scientific,
technical, or other specialized knowledge will assist the trier of fact to
understand the evidence or to determine a fact in issue, a witness qualified as
an expert by knowledge, skill, experience, training, or education, may testify
thereto in the form of an opinion or otherwise.

TEX. R. EVID. 702; see Schutz v. State, 957 S.W.2d 52, 59
(Tex. Crim. App. 1997).  An expert’s testimony is admissible when a jury is not
qualified “to the best possible degree” to intelligently determine an issue
without the testimony.  Schutz, 957 S.W.2d at 59.  As such,
expert testimony is intended to aid, rather than supplant, a jury’s decision.  Id.
 But Rule 702 does not permit an expert to give “a direct opinion on the
truthfulness” of a child complainant’s allegations.  Yount v. State, 872
S.W.2d 706, 708 (Tex. Crim. App. 1993).  

“Bolstering” is the utilization of evidence solely
for the purpose of improperly adding credence or weight to a particular witness
or source of evidence “without substantively contributing to make the existence
of [a] fact that is of consequence to the determination of the action more or
less probable than it would be without the evidence.”  See Cohn v.
State, 849 S.W.2d 817, 819–20 (Tex. Crim. App. 1993); see also Rivas v. State, 275 S.W.3d 880, 886–87 (Tex. Crim. App. 2009)
(indicating that “bolstering” has ties to Texas Rule of Evidence 613(c),
which involves prior consistent statements, and reiterates principles of
hearsay).  When the additional evidence makes a substantive contribution,
corroborates other evidence, or has an “incrementally further tendency to
establish a fact of consequence,” offering that evidence does not constitute
bolstering.  See Cohn, 849 S.W.2d at 819–20.  As substantive
evidence an expert may provide testimony that a child exhibits symptoms
consistent with sexual abuse, but that expert may not offer an opinion as to
the child’s truthfulness.  Id. at 819.  

Dr. Thompson did not offer an opinion that children rarely
make false allegations about being sexually abused.  See Yount, 872
S.W.2d at 708 (holding that a pediatric doctor was not allowed to testify that
she had seen very few cases where the child was not actually telling the truth
in her experience dealing with abused children).  Dr. Thompson testified that children
who have been sexually abused typically exhibit problematic behaviors, such as performing
poorly in school, stealing, or failing to follow directions.  See id.
(holding that expert testimony concerning behavioral characteristics typically
exhibited by children as a result of sexual abuse was admissible as substantive
evidence).  According to Dr. Thompson, children who have been sexually abused
may lie about their bad behaviors as a way of deflecting attention.  But,
notably, Dr. Thompson did not express an opinion as to the child complainant’s
truthfulness.  See Johnson v. State, 970 S.W.2d 716, 720 (Tex.
App.—Beaumont 1998, no pet.) (concluding expert did not express an opinion as
to the credibility of any witness).  In offering Dr. Thompson’s testimony, the State
was not bolstering.  See Cohn, 849 S.W.2d at 819.  Moreover, Dr.
Thompson’s testimony could have assisted the jury in determining an issue for
which it was not qualified to the “best possible degree.”  See Schutz,
957 S.W.2d at 59 (holding that a doctor and social worker were able to testify
that the child complainant of sexual abuse did not exhibit the classic traits
of manipulation because the jury did not share the experts’ qualifications in
determining the traits of such manipulation).  Therefore, the trial court did
not abuse its discretion in admitting Dr. Thompson’s testimony.  See id.  Accordingly,
we overrule appellant’s only issue. 

The trial court’s judgment is affirmed. 

 

 

/s/        Kem
Thompson Frost

         
  Justice 

 

 

Panel
consists of Justices Anderson, Frost, and Brown. 

Do
Not Publish—TEX. R. APP. P. 47.2(b).

 









[1]
At the hearing to determine admissibility of the disputed testimony, appellant
did not contest Dr. Thompson’s qualifications as an expert in the field of
psychology.  We presume without deciding that Dr. Thompson was a qualified
expert.  See Johnson v. State, 970 S.W.2d 716, 720 (Tex. App.—Beaumont
1998, no pet.).