Robert Hernandez
**GARCIA, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 08–85–00150–CR.

Court of Appeals of Texas,
El Paso.

June 11, 1986.

Joseph A. Calamia, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., El Paso, for appellee.

Before STEPHEN F. PRESLAR, C.J., and OSBORN and SCHULTE, JJ.

## OPINION

OSBORN, Justice.

Robert Hernandez Garcia was convicted of burglary of a habitation with intent to commit the crime of indecency with a child. The jury assessed his punishment at fifty years confinement. In a companion case, he appeals his conviction on three separate counts of indecency with a child in which the punishment was assessed at ten years confinement on each count. We reverse and remand.

The Appellant does not question the sufficiency of the evidence to support the verdict of the jury. Therefore, we will only discuss the facts as they relate to specific grounds of error.

■ The first two grounds of error complain of the trial court's overruling of a motion for new trial because the Appellant did not receive a fair trial by an impartial jury. One prospective juror, in answer to a question by the State's attorney during voir dire examination, said she had known the Appellant since they were classmates in grade school and said there was nothing about that relationship with him or her knowledge of him that would prevent her from being fair in this case. At the hearing on the motion for new trial, this same person who had been selected as a juror testified that she knew that this defendant and his brothers "were involved with gangs" and "were on the violent side." She denied that she disclosed any information about Mr. Garcia to the jury during their deliberations. She also testified that she decided the case only on the evidence presented at the trial and that she was fair in her consideration of the evidence. She said she did not consider her personal knowledge of Mr. Garcia in deciding his guilt or in deciding on the appropriate punishment. This juror did not fail to disclose any information sought during voir dire and did not improperly disclose any new evidence to the jury during their deliberations. No error is shown. No constitutional right to a fair and impartial trial was denied. Grounds of Error Nos. One and Two are overruled.

■ The next three grounds of error complain about the admissibility of opinion evidence of expert witnesses. Detective Calanche was asked about the emotional state of one of the complaining witnesses during an initial interview. The officer replied that the complainant was very tense and nervous and that he would shake periodically and then added, "and I felt at that time that indeed, of my own conscience, everything he was relating to me had occurred to him." Objection was made that the answer was not responsive. Counsel asked the court to instruct the jury to disregard the nonresponsive answer. The objection was overruled. The witness then testified about his experience in dealing with children who were sexually molested. Then without objection he testified:

Q. And it is your testimony that your sensory impression was that he— this had occurred to him?

A. Exactly.

Although the initial objection should have been sustained because the evidence was used to bolster the testimony of the complaining witness and to add support to his credibility, the error was cured when the quoted testimony was received without objection. *Merx v. State*, 450 S.W.2d 658 (Tex.Crim.App.1970); *Salinas v. State*, 625 S.W.2d 397 (Tex.App.—San Antonio 1981, no pet.).

As rebuttal evidence, the State called as a witness Yolanda Aguilar, a supervisor of the Sexual Abuse Unit for the Child Protective Services for the Department of Human Resources. She testified as an expert with regard to issues in a child sexual assault case. She has a master's degree in social work and has worked in this field for over

ten years. She testified that she had never seen a mother try to get a child to lie about being sexually abused for any reason. The defense in this case contended that the mother of one of the minor children involved with Robert Garcia was a lesbian who was trying to have a relationship with the defendant's wife, and when the relationship did not develop she used her son to make accusations against Robert Garcia.

The testimony of Yolanda Aguilar, who had never met or interviewed the two minor boys involved with Robert Garcia, was offered to bolster the credibility of the two complaining witnesses and to refute the defense in this case. We believe such testimony was inadmissible. Basically, this was an attempt to use an expert witness to attack the credibility of the defense's lay witnesses and to bolster the credibility of the State's lay witnesses. The attack on a lay witness's testimony is best served by a vigorous cross-examination with the issues of credibility being left to the jury.

In *Holloway v. State*, 613 S.W.2d 497 (Tex.Crim.App.1981), the court in passing on the competency of Dr. James P. Grigson, a psychiatrist, in a capital murder case said:

> [W]e hold that while a duly qualified expert witness may give his opinion based upon sufficient relevant facts, those facts must be either within his personal knowledge, or assumed from common or judicial knowledge, or established by evidence; "his opinion is without value, and is inadmissible, if based upon facts and circumstances gleaned by him from ex-parte statements of third persons, and not established by legal evidence before a jury trying the ultimate issue to which the opinion relates."

We know of no known recognized facts which would support an opinion that in certain types of cases witnesses always tell the truth. It certainly is not common or judicial knowledge that children never lie. If that were the case, there would be little need for a jury to resolve disputes as to whether or not certain conduct did in fact occur in child abuse cases. The Texas Rules of Criminal Evidence which become effective September 1, 1986, provide in Rule 702 for testimony of experts where scientific, technical or other specialized knowledge will assist the trier of fact "to understand the evidence or to determine a fact in issue." We do not believe the purpose behind this rule is to permit "expert" opinion on who is telling the truth and who is not. Passing on the credibility of witnesses is still the sole responsibility of the trier of the facts.

But in this case, the original objection, whatever it was, was made in an "off-the-record" discussion between the court and counsel and is not before us for our determination. We cannot sustain an "unknown" objection. When a subsequent objection was made, counsel for the State changed the question. The last objection came only after testimony had already been received from this expert witness to establish that it was her opinion that a mother would not try to get a child to lie about being sexually abused. We conclude that error has not been preserved. The last objection was not timely. *Guzman v. State*, 521 S.W.2d 267 (Tex.Crim.App.1975); Ray, 1 Texas Law of Evidence, sec. 23 (Texas Practice 3d ed. 1980). Grounds of Error Nos. Three, Four and Five are overruled.

The next ground of error contains a complaint that the prosecutor's arguments were so improper, inflammatory and prejudicial as to deny Appellant a fair trial. Argument under this ground of error refers to numerous statements made by counsel during both the hearing on guilt or innocence and at the punishment stage of the trial. But, counsel concedes that only one meaningless objection was made "with no proper motions to strike or to exclude or to disregard or a motion for mis-trial [sic]." No error has been preserved. *Klein v. State*, 662 S.W.2d 166 (Tex.App.—Corpus Christi 1983, no pet.). Ground of Error No. Six is overruled.

Appellant contends in Ground of Error No. Seven that he was denied the effec-

tive assistance of counsel. The first complaint is that trial counsel did not use a peremptory challenge to exclude the juror whom he had known in grade school and who was the subject of complaint in Grounds of Error Nos. One and Two. Trial counsel testified on motion for new trial that this juror was considered for challenge but in reviewing the entire panel that there were other more objectionable jurors than this particular prospective juror. This was a question of judgment and there is nothing to suggest that counsel did not exercise his best judgment in exercising his challenges. The proof, based mostly on hindsight, does not meet the test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) to show that counsel's performance was deficient.

The next and more serious issue raised under this ground of error is the failure to make proper objections to exclude the inadmissible and prejudicial testimony of both Detective Calanche and Yolanda Aguilar with regard to their opinions as to the truthfulness of the testimony of the complaining witnesses. Based upon our earlier conclusion that such evidence was not admissible, we feel compelled to sustain this ground of error. Based upon other objections in the record, it appears likely that the objection "off-the-record" to the testimony of Yolanda Aguilar may well have been a valid and proper objection. But, if it was, it clearly was ineffective assistance to not have placed it of record. If the objection was not proper, counsel should have made and persisted in valid objections to all of the testimony which permitted Detective Calanche and Yolanda Aguilar to pass upon the credibility of other witnesses.

Under the standards established in *Strickland v. Washington, supra,* we conclude that in this regard counsel's performance was deficient and it did have an adverse and prejudicial effect upon Appellant's defense in this case. We sustain Ground of Error No. Seven.

The last ground of error complaining of prosecutorial misconduct need not be considered.

The judgment of the trial court is reversed and the case is remanded for a new trial.