

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

## No. 07-17-00141-CR

_____

### BRYAN SCOTT CAVETT, APPELLANT

### V.

### THE STATE OF TEXAS, APPELLEE

On Appeal from the 452nd District Court
McCulloch County, Texas
Trial Court No. 6132; Honorable Robert R. Hofmann, Presiding

October 17, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Following a plea of not guilty, Appellant, Bryan Scott Cavett, was convicted by a jury of indecency with a child by sexual contact and sentenced to twenty years

confinement.[1]  The jury also assessed a $10,000 fine.  By a sole issue, Appellant complains that his trial counsel was ineffective for failing to object during the guilt/innocence phase of trial to bolstering testimony of several witnesses.  We affirm.[2]

BACKGROUND

Appellant and the complainant's mother were in a dating relationship that ended in May 2015.  The complainant, who was around eight years old at the time, and her mother would sometimes spend the night at Appellant's house.  Several months after the mother ended the relationship with Appellant, her daughter made an outcry to her that Appellant had placed his genitals in her hand.  The mother reported the incident to the police.  The responding officer conducted a cursory interview to determine whether to schedule a forensic interview for the complainant.

Based on information from the complainant and her mother, the complainant was interviewed by a forensic interviewer.  Captain Lupe Carrizales then conducted a non-custodial interview with Appellant, who denied any improper conduct.  The case became a matter of she-said, he-said—a swearing match between the complainant and the accused.

---

[1] TEX. PENAL CODE ANN. § 21.11(a)(1) (West Supp. 2018).  The offense is a second degree felony punishable by imprisonment for any term of not more than twenty years or less than two years and a fine not to exceed $10,000.  § 12.33(a), (b) (West 2011).

[2] Originally appealed to the Third Court of Appeals, this appeal was transferred to this court by the Texas Supreme Court pursuant to its docket equalization efforts.  TEX. GOV'T CODE ANN. § 73.001 (West 2013).  Should a conflict exist between precedent of the Third Court of Appeals and this court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court.  TEX. R. APP. P. 41.3

By the time of the report, several months had passed between the alleged conduct and the delayed outcry, so no medical examination was performed on the complainant and no forensic or physical evidence was gathered or presented at trial. The State's case rested solely on the complainant's testimony. She testified that her mother was dating Appellant and they would occasionally spend nights at his house. Her mother and Appellant would sleep on a bed and she would sleep on a pallet on the floor. She described her mother as a heavy sleeper. On one occasion, Appellant lay down beside her and placed his "private" in her hand.[3] Another time, he lifted her legs "like a cheerleader split." Appellant told her not to tell her mother about his conduct.

During cross-examination, the complainant again recounted the incidents with Appellant. She added that she told him to stop and let her sleep when she was awakened by his conduct.

Carrizales testified to the procedures for interviewing a child complainant. He answered affirmatively when asked if officers "make opinions about the credibility of the witnesses." When asked if it was his "opinion that the allegations were consistent from [the complainant]," he answered, "[y]es." Trial counsel did not object to the testimony.

During the complainant's mother's direct testimony, she testified that in July 2015, her daughter made an outcry to her. She testified her daughter told her she was glad Appellant and her mother were no longer in a relationship because he had made her touch his private parts. Also, on direct examination, the complainant's mother was asked

---

[3] During her testimony, the complainant was shown State's Exhibit Number 5 which was a drawing of a man. She identified the penis as the man's "front private."

whether she had any reason to create testimony or coach her daughter, to which she responded, "No." She added, "I would not falsely accuse somebody of something so drastic, life-changing." Again, no objection was made to the testimony.

The counselor who interviewed the complainant testified that he has "great confidence in [his] ability to discern between the truth and a lie when talking to a child . . . ." When asked if he is "always on the look-out in determining credibility of the children," he answered, "only the truth can help a child." In explaining that his role is to provide support for the child, he testified, "it's about one word and [the complainant] said it up here on the stand, and I'll say it again, it's about the truth." When asked to describe the complainant based on their sessions and her consistency in the allegations, he testified, "I have great confidence in her credibility."

No objection was made during the counselor's testimony. However, during cross-examination, trial counsel asked about situations where children make false outcries and the counselor admitted they are "[r]are, but they do happen." He added that in his experience, children of the complainant's age do not recant while older children do.

During the State's closing argument, the prosecutor summed up the complainant's testimony and described it as "credible." He argued that the counselor's testimony regarding the consistency of the complainant's allegations made her testimony "credible." He asked the jury "to believe that what [the complainant] testified about is not a fantasy."

Following his conviction and imposition of his sentence, Appellant filed this appeal alleging a sole issue. He contends his trial counsel was ineffective for failing to object to

4

testimony from three witnesses regarding the complainant's credibility about the allegations.  We disagree.

STANDARD OF REVIEW—INEFFECTIVE ASSISTANCE OF COUNSEL

The right to reasonably effective assistance of counsel is guaranteed by the Sixth Amendment to the United States Constitution.  To establish a claim based on ineffective assistance, an appellant must show that (1) his counsel's representation fell below the objective standard of reasonableness and (2) there is a reasonable probability that but for counsel's deficiency the result of the proceeding would have been different.  *Strickland v. Washington*, 466 U.S. 668, 687, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).  In other words, an appellant must show his trial counsel's performance was deficient and that he was prejudiced by the deficiency.  *State v. Gutierrez*, 541 S.W.3d 91, 98 (Tex. Crim. App. 2017).

A claim of ineffective assistance of counsel must be firmly demonstrated in the record.  *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011) (citing *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999)).  In most cases, a direct appeal is an inadequate vehicle for raising a claim of ineffective assistance because the record is generally undeveloped and cannot adequately reflect counsel's trial strategy.  *Rylander v. State*, 101 S.W.3d 107, 110-11 (Tex. Crim. App. 2003).  When the record is silent on trial counsel's trial strategy, we will not find deficient performance unless counsel's errors of commission or omission were "so outrageous that no competent attorney would have engaged in it."  *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).  Some ineffective assistance claims may be disposed of on direct appeal where "trial counsel's ineffectiveness is so apparent from the record."  *See Massaro v. United States*, 538 U.S.

5

500, 508, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003).  *See also Andrews v. State*, 159 S.W.3d 98, 103 (Tex. Crim. App. 2005) (finding the record on direct appeal contained all the information needed to find there was no reasonable trial strategy in counsel's failure to object on the prosecutor's misstatement of the law).

A defendant is not entitled to error-free representation and a reviewing court must look to the totality of the representation in determining the adequacy of counsel's performance.  *Frangias v. State*, 450 S.W.3d 125, 136 (Tex. 2013).  Even a single instance of error by counsel can rise to the level of deficient performance if the error "was egregious and had a seriously deleterious impact on the balance of the representation." *Id.*

ANALYSIS

Appellant's sole complaint is directed at the testimony of two lay witnesses and one expert witness:  (1) the police captain who questioned Appellant, (2) the complainant's mother, and (3) the licensed professional counselor who treated the complainant.  He contends their testimonies improperly bolstered the complainant's credibility and that trial counsel's failure to object during their testimonies constituted ineffective assistance of counsel.  We find that counsel's failure to object to the officer's and the mother's testimonies was not deficient, but for the reasons expressed herein, we conclude his failure to object to the counselor's inadmissible testimony fell below the objective standard of reasonableness.

Carrizales testified that police officers may generally form opinions about the credibility of witnesses.  He also testified that the complainant's allegations were

consistent throughout the investigation; however, he never testified or gave an opinion on the complainant's credibility. Therefore, trial counsel was not deficient for failing to object to Carrizales's testimony.

The complainant's mother testified about the complainant's outcry. She also denied coaching her daughter or having any reason to falsely accuse a person of such a drastic allegation. Because she did not offer testimony on her daughter's credibility or truthfulness, trial counsel was not deficient for failing to object to her testimony.

Regarding the counselor, who testified as an expert witness, he was asked about how he determines the credibility of children he counsels. He answered that "only the truth can help a child" and added that he has great confidence in his ability to discern between the truth and a lie when counseling a child. His answers, without more, might not have been objectionable. However, he crossed a line when he testified, "[the complainant] said it up here on the stand, and I'll say it again, it's about the truth." He further testified, "I have great confidence in [the complainant's] credibility." *See Ex parte Mayhugh*, Nos. WR-84,700-01, WR-84,700-02, WR-84,701-01, WR-84,698-01, WR-84,698-02, WR-84,697-01 & WR-84,697-02, 2016 Tex. Crim. App. Unpub. LEXIS 1057, at *11 n.3 (Tex. Crim. App. Nov. 23, 2016) (finding an expert's testimony that the complainant's allegations of sexual abuse were "guileless" and "uncontrived" would run afoul of the general prohibition against admitting such testimony).

The counselor was also asked about his experience with children who recant their outcries. He opined that children in the age range of the complainant in the underlying case are less likely to recant or lie than older children. In this regard, we note an expert

7

is not permitted to give an opinion that a class of persons to which the complainant belongs is truthful. *Yount v. State*, 872 S.W.2d 706, 712 (Tex. Crim. App. 1993). To do so would essentially be telling the jury that it can believe the complainant. *Yount*, 872 S.W.2d at 711; *Hatter v. State*, No. 03-04-00359-CR, 2006 Tex. App. LEXIS 4516, at *10 (Tex. App.—Austin May 26, 2006, no pet.) (mem. op., not designated for publication). Experts on child sexual abuse are not "human lie detectors. Nor are they clairvoyant." *Yount*, 872 S.W.2d at 710. Thus, an expert witness may not give an opinion as to the testifying child's truthfulness. *Id.* at 711-12 (citations omitted).

The testimony offered by the complainant's counselor in the underlying case was inadmissible under Rule 702 of the Texas Rules of Evidence which provides that an expert may testify in the form of an opinion if the expert's knowledge will help the trier of fact to understand the evidence or to determine a fact issue. TEX. R. EVID. 702. But an expert witness's testimony concerning child sexual abuse does not aid the trier of fact when it constitutes a direct opinion on the child complainant's truthfulness and, in essence, decides an ultimate fact issue. *Yount*, 872 S.W.2d at 708.

Here, trial counsel's failure to object to the counselor's expert testimony compounded the error when the prosecutor referred to the complainant's credibility and believability in his closing argument on at least three occasions. Undoubtedly, trial counsel's error fell below an objective standard of reasonableness. However, the ultimate question is whether Appellant has shown that but for counsel's error, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

Relying on *Fuller v. State*, 224 S.W.3d 823, 826 (Tex. App.—Texarkana 2007, no pet.), *Sessums v. State*, 129 S.W.3d 242, 247 (Tex. App.—Texarkana 2004, pet. ref'd), *Miller v. State*, 757 S.W.2d 880, 884 (Tex. App.—Dallas 1988, pet. ref'd), and *Garcia v. State*, 712 S.W.2d 249, 253 (Tex. App.—El Paso 1986, pet. ref'd), Appellant maintains the testimony regarding the complainant's credibility was "obviously inadmissible and harmful" and is cognizable on direct appeal. We distinguish the cited cases.

The cases cited by Appellant all involve child complainants of sexual offenses in which lay witnesses and expert witnesses testified without objection about the credibility of each complainant's allegations. Our sister courts found that counsel in each case provided ineffective assistance of counsel. *See Fuller*, 224 S.W.3d at 837; *Sessums*, 129 S.W.3d at 248; *Miller*, 757 S.W.2d at 884; *Garcia*, 712 S.W.2d at 253.

Those cases have unique characteristics setting them apart from the case before us. Additionally, they are decisions of sister courts that do not include the Third Court of Appeals, which is the transferor court of this particular case. Under Rule 41.3 of the Texas Rules of Appellate Procedure, we are required to apply precedent from that court. *See Noland v. State*, No. 03-11-00256-CR, 2012 Tex. App. LEXIS 5911, at *21-22 (Tex. App.—Austin July 20, 2012, pet. ref'd) (mem. op., not designated for publication) (finding that the appellant failed to prove his defense was prejudiced by counsel's failure to object to testimony on the complainant's credibility and the record was silent as to counsel's strategy for not objecting).

Here, the complainant did testify and, if we disregard the counselor's inadmissible testimony, the complainant's testimony alone would have supported a finding of guilt. *See*

TEX. CODE CRIM. PROC. ANN. art. 38.07(a)(1), (b)(1) (West Supp. 2018) (uncorroborated testimony of the complainant of a sexual offense if the complainant made an outcry within one year of the alleged offense supports a conviction under chapter 21 of the Penal Code). Thus, we cannot conclude that but for counsel's error, the outcome of the proceedings would have been different.

Appellant established the deficiency prong of *Strickland* by showing that trial counsel's failure to object to clearly inadmissible testimony constituted deficient representation; however, he did not show a reasonable probability that but for counsel's error, he would not have been convicted. Appellant's sole issue is overruled.

CONCLUSION

The trial court's judgment is affirmed.


Patrick A. Pirtle
Justice


Do not publish.