**Affirm and Opinion Filed June 21, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-21-00282-CR

### EMILIO SIERRA, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 174th District Court
Harris County, Texas
Trial Court Cause No. 1566708**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Garcia
Opinion by Justice Molberg

Appellant Emilio Sierra appeals his conviction of indecency with a child. In one issue, he argues he was denied effective assistance of counsel because his counsel failed to object to the State's expert opinion regarding the truthfulness of the complainant, which he claims prejudiced him. We affirm the trial court's judgment in this memorandum opinion.[1]  *See* TEX. R. APP. P. 47.4.

---

[1] This case was transferred to us from the Fourteenth District Court of Appeals in Houston pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE § 73.001. Because this is a transfer case, we apply the precedent of the Fourteenth Court of Appeals to the extent it differs from our own. *See* TEX. R. APP. P. 41.3.

## BACKGROUND

Sierra was charged by indictment with a second-degree felony offense of indecency with a child. *See* TEX. PENAL CODE §§ 21.11(a)(1); 21.11(d). He pleaded not guilty. The case was submitted to a jury for the guilt-innocence phase. Five witnesses testified in that phase: a forensic examiner, a child abuse pediatrician, complainant's mother and father, and complainant. Sierra, who is complainant's cousin, did not testify.

The jury found Sierra guilty of the offense. The trial court assessed punishment and sentenced appellant to fifteen years' confinement in the Texas Department of Criminal Justice, Institutional Division. Sierra timely appealed. He did not file a motion for new trial or other post-judgment motion.

## DISCUSSION

In one issue, Sierra contends he was deprived of his Sixth Amendment right to effective assistance of counsel because his counsel failed to object when the State asked its first witness, a forensic examiner, if she felt complainant was "telling the truth" and she testified, "I do."

### Applicable Standards

A defendant is entitled to reasonably effective assistance of counsel under the Sixth Amendment to the United States Constitution and under section 10 of article I of the Texas Constitution. U.S. CONST. amend. VI; TEX. CONST. art. I, § 10. The

right does not entitle one to errorless counsel but rather to objectively reasonable representation. *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011).

"To prevail on a Sixth Amendment claim alleging ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that his counsel's deficient performance prejudiced him." *Andrus v. Tex.*, 140 S.Ct. 1875, 1881 (2020) (per curiam) (citing *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999) (appellant must prove by a preponderance of the evidence counsel was ineffective) (citing *Cannon v. State*, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984)).

In determining whether or not counsel's representation was deficient, we indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689; *see also Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000); *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). To defeat the presumption of reasonable representation, an allegation of ineffectiveness must be firmly founded in the record and the record must affirmatively demonstrate the alleged ineffectiveness. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001); *Prine v. State*, 537 S.W.3d 113, 117 (Tex. Crim. App. 2017). A silent record that provides no explanation for counsel's actions will not overcome the strong presumption of reasonable assistance. *Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003); *Thompson*, 9 S.W.3d at 814.

To show prejudice under the second prong of *Strickland*, an appellant must demonstrate a reasonable probability the outcome would have differed but for trial counsel's errors. *Strickland*, 466 U.S. at 694; *see also Jackson*, 877 S.W.2d at 771. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Jackson*, 877 S.W.2d at 771 (quoting *Strickland*, 466 U.S. at 694). It is not sufficient to show defense counsel's errors "had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Rather, to establish prejudice, an appellant must show counsel's errors were "so serious as to deprive defendant of a fair trial, a trial whose result was reliable." *Id.* at 687.

Failure to satisfy either prong of the *Strickland* standard is fatal. *Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010); *Ex parte Martinez*, 195 S.W.3d 713, 730 n.14 (Tex. Crim. App. 2006); *Rylander*, 101 S.W.3d at 110. We need not examine both *Strickland* prongs if one cannot be met. *Strickland*, 466 U.S. at 697.

In rare cases, an appellant claiming ineffective assistance of counsel is not required to show prejudice; rather, prejudice is presumed and the appellant only is required to show deficient performance. *Id.* at 692 (citing *United States v. Cronic*, 466 U.S. 648, 658–60 (1984)). *Cronic* identified three situations that were so likely to prejudice the accused as to justify a presumption of prejudice, including:

> (1) the accused was denied the presence of counsel at a critical stage of trial, (2) counsel entirely failed to subject the prosecution's case to meaningful adversarial testing, or (3) circumstances at trial were such that, although counsel was available to assist the defendant during trial, the likelihood that any lawyer, even a fully competent one, could

–4–

provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial.

*Cronic*, 466 U.S. at 659–60. None of the *Cronic* factors are argued here.

"Direct opinion testimony about the truthfulness of another witness, without prior impeachment, is inadmissible as it does more than 'assist the trier of fact to understand the evidence or to determine a fact in issue.'" *Lopez*, 343 S.W.3d at 143–44 (citations omitted).

*Analysis*

The sole issue is before us is whether Sierra was deprived of his Sixth Amendment right to effective assistance of counsel because his counsel failed to object when the State asked the forensic examiner if she felt complainant was "telling the truth" and she testified, "I do."

Sierra argues there was no reasonable trial strategy in counsel's failure to object to this and that counsel's failure prejudiced him because it gave the jury an independent basis to believe the complainant and invaded the jury's duty to determine the her credibility. Sierra relies on *Fuller v. State*, 224 S.W.3d 823 (Tex. App.—Texarkana 2007, no pet.); *Miller v. State*, 757 S.W.2d 880 (Tex. App.—Dallas 1988, pet. ref'd); and *Garcia v. State*, 712 S.W.2d 249 (Tex. App.—El Paso, 1986, pet. ref'd) to support his position. He also cites *Lyons v. McCotter*, 770 F.2d 529, 534 (5th Cir. 1985) as support for the proposition that the presentation of prejudicial and inadmissible evidence has no strategic value.

–5–

The State acknowledges that, on its face and in isolation, the forensic examiner's complained-of testimony appears to constitute an inadmissible direct opinion as to the complainant's truthfulness. The State argues, however, this does not automatically mean Sierra's counsel's failure to object constitutes constitutionally deficient representation, particularly when Sierra has pursued his ineffective assistance claim on direct appeal, without a motion for new trial or other post-judgment motion, which leaves us with a silent record as to any strategy or reasoning for his counsel's actions. As support, the State relies on *Lopez*, 343 S.W.3d at 142–44; *Strahan v. State*, 617 S.W.3d 198 (Tex. App.—Houston [1st Dist.] 2020, pet. ref'd); *Navarro v. State*, Nos. 05-18-00891-CR, 05-18-00892-CR, 05-18-00893-CR, 2020 WL 113671 (Tex. App.—Dallas Jan. 10, 2020, pet. ref'd) (mem. op., not designated for publication); and *Macias v. State*, 539 S.W.3d 410 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd). Sierra does not discuss or distinguish any of these cases.

*Lopez* is binding and controls the outcome here. In that case, Lopez's trial counsel failed to object to direct opinion testimony by both an outcry witness and a law enforcement officer regarding the complainant's truthfulness. *See Lopez*, 343 S.W.3d at 140. On direct appeal, the court of appeals reversed Lopez's conviction based on a finding of ineffective assistance and remanded for further proceedings after finding, in part, that his counsel's failure to object to such testimony fell below a reasonable standard of performance, when there was no reasonable strategy for not

–6–

opposing the admission of testimony about the complainant's credibility, the sole issue at trial. *Id*. at 139, 141. The State sought a petition for review, which the court of criminal appeals granted, and the court reversed the judgment of the court of appeals and remanded the case to that court to address Lopez's remaining issues. *Id*. at 144. After detailing applicable review standards for ineffective assistance claims, the court noted the record was silent as to counsel's strategy and concluded:

> The record could have been supplemented through a hearing on a motion for new trial, but appellant did not produce additional information about trial counsel's reasons . . . for allowing opinion testimony about the credibility of the complainant[.] [Lopez] has thus failed to meet his burden under the first prong of *Strickland*, and the court of appeals erred in finding otherwise. Because [he] failed to meet his burden on the first prong of *Strickland*, we need not consider the requirements of the second prong.

*Id*. at 142–44. Recently, the court reaffirmed the same standards, noting that "[c]ounsel gets the benefit of the doubt from a silent record[.]" *Johnson v. State*, 624 S.W.3d 579, 586 (Tex. Crim. App. 2021) (citing *Lopez*, 343 S.W.3d at 143).

In this case, Sierra invites us, in effect, to make the same mistake our sister court made in *Lopez*. We decline the invitation to do so.

Thus, because the record here is silent, as *Lopez* requires, we conclude Sierra failed to meet his burden under *Strickland*'s first prong because he failed to produce any information about trial counsel's reasons for not objecting to the forensic examiner's testimony about complainant's truthfulness. *See Lopez*, 343 S.W.3d at

144.[2] Because Sierra failed to meet his burden on *Strickland*'s first prong, we need not consider the requirements of the second prong. *Id.*

## CONCLUSION

We overrule Sierra's sole issue and affirm the trial court's judgment.

/Ken Molberg/
KEN MOLBERG
JUSTICE

210282f.u05
Do Not Publish
TEX. R. APP. P. 47.2

---

[2] *See also Mejia v. State*, No. 14-19-00432-CR, 2021 WL 3577659, at *4–5 (Tex. App.—Houston [14th Dist.] Aug. 10, 2021, no pet.) (mem. op., not designated for publication) (distinguishing *Garcia*, *Fuller* and *Miller*—three of the cases Sierra relies on—and concluding, based on silent record, appellant failed to meet his burden to show counsel's performance was deficient); *Strahan*, 617 S.W.3d at 204–07 (applying *Lopez* and concluding, based on silent record, appellant did not demonstrate his counsel's failure to object to detective's testimony fell below an objective standard of reasonableness under prevailing professional norms); *Navarro*, 2020 WL 113671, at *4–5 (distinguishing Fuller and Miller—two of the cases Sierra relies on—and concluding, on a similar record, "this is not the 'rare case' in which a silent record establishes ineffective assistance of counsel"); *Macias*, 539 S.W.3d at 417–19 (applying *Lopez*, distinguishing *Fuller* and *Miller*, and concluding appellant failed to meet both *Strickland* prongs); *Benavides v. State*, Nos. 14-10-00768-CR, 14-10-00769-CR, 2011 WL 5119014, at *13 (Tex. App.—Houston [14th Dist.] October 27, 2011, no pet.) (mem. op., not designated for publication) (applying *Lopez* and concluding, based on silent record, appellant failed to meet his burden under first *Strickland* prong).



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

EMILIO SIERRA, Appellant

No. 05-21-00282-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 174th District Court, Harris County, Texas
Trial Court Cause No. 1566708.
Opinion delivered by Justice Molberg. Justices Reichek and Garcia participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 21st day of June, 2022.